UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:
HARVEY GOLDMAN COMPANY
D/B/A WORLDWIDE EQUIPMENT COMPANY
DEBTOR,

_____/

Case No. 11-13895
HON. GEORGE CARAM STEEH

STUART A. GOLD, TRUSTEE OF THE
BANKRUPTCY ESTATE OF HARVEY GOLDMAN
& COMPANY

        Plaintiff-Appellee

v.

SHIMSON BANDMAN

        Defendant-Appellant.

_____/

ORDER GRANTING TRUSTEE'S MOTION TO DISMISS APPEAL AND
DENYING DEFENDANT LEAVE TO FILE AN INTERLOCUTORY APPEAL

I.    Background

On July 14, 2010, an involuntary bankruptcy petition was filed against debtor in the United States Bankruptcy Court for the Eastern District of Michigan. The court entered an order for relief under Chapter 7 of the Bankruptcy Code on November 16, 2010. On February 18, 2011, the trustee initiated an adversary proceeding against defendant, Shimshon Bandman, seeking to avoid and recover a total of $6,000.00 in transfers as preferential pursuant to Section 547 of the Bankruptcy Code. On May 11, 2011, defendant filed a motion to dismiss the adversary proceeding based on improper venue. Defendant argued that venue was proper only in New Jersey, the state of defendant's residence,

under 28 U.S.C. § 1409(b). On August 1, 2011, the bankruptcy court entered an order denying defendant's motion to dismiss based on improper venue. On August 15, 2011, defendant filed a timely notice of appeal of the order denying his motion to dismiss. The sole issue on appeal is whether or not venue is proper in this district under § 1409(b). Defendant has filed a motion requesting that this appeal be certified to the United States Court of Appeals for the Sixth Circuit. The trustee filed a motion to dismiss the appeal and a response to defendant's motion to certify to the Sixth Circuit Court of Appeals. For the reasons that follow, the court denies defendant leave to file an interlocutory appeal and grants the trustee's motion to dismiss.

II. Law & Analysis

"A federal district court has jurisdiction to hear appeals – and an aggrieved litigant may appeal as of right – from 'final judgments, orders and decrees' of a bankruptcy court." In re Gray, 447 B.R. 524, 528 (E.D. Mich. 2011). "The test for finality in the bankruptcy context has often been stated as requiring a showing that the challenged order 'finally dispose[s] of discrete disputes within the larger case.'" Id.

Here, the order appealed from is not a final order for appeal purposes. See Sicherman v. MBNA America Bank, N.A.(In re Sterba), 383 B.R. 47, 48 (B.A.P. 6th Cir. 2008) (noting that venue orders are not ordinarily final); see also, Louisiana Ice Cream Distributors, Inc. v. Carvel Corp., 821 F.2d 1031, 1033 (5th Cir. 1987) ("The denial of a motion to dismiss for improper venue is not a final order[.] Rather, it is an interlocutory order which is not subject to immediate appeal.") Because the bankruptcy court's order denying defendant's motion to dismiss based on improper venue is not a final order, defendant "may only pursue an appeal under 28 U.S.C. § 158(a)(3), which provides that

a district court has jurisdiction to hear appeals 'with leave of the court, from other interlocutory orders and decrees' of the bankruptcy court." IRS v. Hayes (In re Hayes), 453 B.R. 270, 274 (E.D. Mich. 2011) (quoting 28 U.S.C. § 158(a)(3)). Defendant never filed a motion for leave to file the appeal on an interlocutory basis. However, this court may construe defendant's timely filed notice of appeal as a motion for leave to appeal. Federal Rule of Bankruptcy Procedure 8003(c) states:

> (c) Appeal improperly taken regarded as a motion for leave to appeal. If a required motion for leave to appeal is not filed, but a notice of appeal is timely filed, the district court or bankruptcy appellate panel may grant leave to appeal or direct that a motion for leave to appeal be filed. The district court or the bankruptcy appellate panel may also deny leave to appeal but in so doing shall consider the notice of appeal as a motion for leave to appeal. Unless an order directing that a motion for leave to appeal be filed provides otherwise, the motion shall be filed within 14 days of entry of the order.

Fed. R. Bankr. P. 8003(c). The court rejects defendant's argument that this court previously granted defendant leave to appeal based on the fact that the court issued a scheduling order in this matter. A ministerial act by the court's clerk of entering a scheduling order once a bankruptcy appeal is filed in this court is not commensurate with this court's review of the propriety of granting leave to appeal under § 1292(b).

"Under 28 U.S.C. § 1292(b), a district court may hear an interlocutory appeal if '(1) the order involves a controlling question of law; (2) a substantial ground for difference of opinion exists regarding the correctness of the decision; and (3) an immediate appeal may materially advance the ultimate termination of the litigation.'" In re Hayes, 453 B.R. at 274 (quoting In re A.P. Liquidating Co., 350 B.R. 752, 755 (E.D. Mich. 2006)). Interlocutory appeals under § 1292(b) should be granted only in exceptional circumstances because

such appeals "contravene the judicial policy opposing piecemeal litigation and the disadvantages of delay and disruption associated with it[.]" Id. at 274-75.

While the issue of the application of the venue statute in avoidance actions is a controlling question of law, defendant has failed to demonstrate that substantial grounds exist to overturn the bankruptcy court's decision. 28 U.S.C. § 1409 states in pertinent part:

> § 1409. Venue of proceedings arising under title 11 or arising in or related to cases under title 11
> (a) Except as otherwise provided in subsections (b) and (d), a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending.
> (b) Except as provided in subsection (d) of this section, a trustee in a case under title 11 may commence a proceeding arising in or related to such case to recover a money judgment of or property worth less than $1,175 or a consumer debt of less than $17,575, or a debt (excluding a consumer debt) against a noninsider of less than $11,725, only in the district court for the district in which the defendant resides.

28 U.S.C. § 1409(b). In denying defendant's motion to dismiss, the bankruptcy court concluded that § 1409(b) does not apply to avoidance actions because such actions "arise under" title 11 as opposed to "arising in or related to" title 11. Defendant argues that there are no published decisions from the United States Supreme Court nor any Circuit Court of Appeals's decisions on this issue. Rather, defendant cites to one decision from the United States Bankruptcy Court for the District of Delaware, where the court concluded that § 1409(b) applies to avoidance actions. See DynAmerica Mfg., LLC v. Johnson Oil Co., LLC (In re DynAmerica Mfg., LLC), 2010 Bankr. LEXIS 1384 (Bankr. D. Del. May 10, 2010). However, several courts that have reviewed this issue agree with the bankruptcy court's decision. See Moyer v. Bank of America (In re Rosenberger), 400 B.R. 569 (Bankr. W.D. Mich. 2008) ("This court holds that the venue limitation provision contained in 28 U.S.C. § 1409(b) does not apply to an adversary proceeding to avoid and recover a preference.");

see also, Ryan v. Wolter (In re Nashmy), 2007 WL 2305672, * 3 (Bankr. D.N.M. 2007) ("This Court . . . finds that the exception contained in 28 U.S.C. § 1409(b) does not apply to restrict venue for preference actions under 11 U.S.C. § 547 initiated by the case trustee. Venue for this adversary proceeding that "arises under" title 11 is proper in accordance with 28 U.S.C. § 1409(a)."); Ehrlich v. American Express Travel Related Servs. Co., Inc. (In re Guilmette), 202 B.R. 9, 13 (Bankr. N.D.N.Y. 1996) (holding that section 1409(b) does not apply to avoidance actions, which arise under title 11).

In any event, defendant cannot demonstrate that an immediate appeal will materially advance the ultimate termination of the litigation. Rather such an appeal will further delay this litigation by adding an unnecessary appeal that will not advance the ultimate issue in this case, which is whether the trustee can avoid and recover $6,000.00 in transfers as preferential under § 547. Thus, based on the above considerations, the court declines to grant defendant leave to file an interlocutory appeal.

III. Conclusion

Accordingly,

The Trustee's motion to dismiss appeal [#9] is GRANTED.

Defendant-Appellant's motion to certify to Sixth Circuit Court of Appeals [#6] is MOOT.

SO ORDERED.

Dated: June 8, 2012

                                          s/George Caram Steeh
                                          GEORGE CARAM STEEH
                                          UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 8, 2012, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk